AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

FILED by _____ D.C.

JUN - 5 2013

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 13-8281-JMH |
| Jose Do Carmo Pereira De Lima | ) |
| | ) |
| Defendant(s) | ) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 13, 2013__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal Re-entry After Removal |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

HSI S/A Eduardo Escobar
Printed name and title

I find probable cause. JMH

Sworn to before me and signed in my presence.

Date: 06/05/2013

_____
Judge's signature

City and state: West Palm Beach, FL

Hon. James M. Hopkins, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Eduardo Escobar, being duly sworn, depose and state as follows:

1. I am a Special Agent with the Department of Homeland Security, Homeland Security Investigations (HSI), Special Agent in Charge, Miami, Florida (SAC/MI), and have been so employed since October 2007. I am currently assigned to an Airport Response Group at the Miami International Airport and have been so since August 2011. As a Special Agent with HSI, I am responsible for enforcing customs and immigration laws of the United States. I have also participated in investigations of this nature.

2. The information contained in this affidavit is based on my personal knowledge, a review of the alien file corresponding to Jose Do Carmo Pereira De Lima (DE LIMA), as well as information received from other law enforcement officers. This affidavit does not set forth every fact known to me regarding this investigation but only those facts necessary to establish probable cause to charge.

3. On May 13, 2013, HSI special agents executed a search warrant on the residence located at 9355 SW 8th Street, Apartment #106 in Boca Raton, Florida. During the execution of the search warrant, special agents encountered DE LIMA inside the residence. Agents questioned DE LIMA as to his identity and immigration status. DE LIMA identified himself as an individual with the initials of "K.M.D.L." DE LIMA admitted to being a citizen and national of Brazil. When agents asked DE LIMA for official identification, DE LIMA responded that he had a passport in the residence. Special agents located a Brazilian passport containing a photograph of DE LIMA. The passport appeared to be counterfeit based on different factors.

4. DE LIMA was placed under administrative arrest and transported to HSI SAC/MI office for processing and further questioning. Agents advised DE LIMA of his rights under

*Miranda*, which he waived. DE LIMA admitted to being born in Brazil. DE LIMA further admitted to having been previously deported from the United States in 2006. According to DE LIMA, he (DE LIMA) made arrangements to be smuggled back into the United States for $10,200. This amount included the Brazilian passport, which he obtained one week after having been deported from the United States to Brazil. Agents took DE LIMA's fingerprints during this time.

5. On or about May 23, 2013, your affiant received the alien file assigned to DE LIMA. Records within that alien file show DE LIMA, a native and citizen of Brazil, was ordered to be removed from the United States by an immigration judge on March 8, 2006. A Warrant of Removal/Deportation was executed on or about June 16, 2006, whereby DE LIMA was removed from the United States. When DE LIMA was removed, immigration officials took his fingerprint and recorded it on the Warrant of Removal / Deportation.

6. HSI Fingerprint Specialist Kenneth M. Woods conducted a fingerprint comparison in this case. The prints used in the comparison included the print appearing on the aforementioned Warrant of Removal/Deportation as well as the prints taken in connection with DE LIMA's administrative arrest in this case. Fingerprint Specialist Woods concluded that the fingerprint impressions were made by one and the same person.

7. Your affiant performed a record check in the Computer Linked Application Informational Management System (CLAIMS) running the name Jose Do Carmo Pereira De Lima. CLAIMS is the system that tracks applications for immigration benefits and actions taken regarding such applications. From the date of last removal, that is, on or about June 16, 2006, the CLAIMS database did not reflect any application had been submitted under the name Jose Do Carmo Pereira De Lima for express consent to re-apply for admission into the United States.

10. Based on the foregoing facts, your affiant submits that there exists sufficient probable cause to DE LIMA with violating Title 8, United States Code, Section 1326(a).

**FURTHER AFFIANT SAYETH NAUGHT**

_____
SPECIAL AGENT EDUARDO ESCOBAR
HOMELAND SECURITY INVESTIGATIONS


Sworn to and subscribed before me this
_5_ day of June, 2013,
in West Palm Beach, Florida

_____
HONORABLE JAMES M. HOPKINS
UNITED STATE MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 13-8281-JMH

UNITED STATES OF AMERICA

vs.

Jose Do Carmo Pereira De Lima,

Defendant.

_____/

CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY